# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8062 | **DATE** | 7/12/2012 |
| **CASE TITLE** | Deutsche Bank vs. Tucker et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-NLC1, Asset Backed Certificates, Series 2006-NLC1, brings suit against Defendants Patricia and Theodore Tucker to foreclose a mortgage on Defendants' residence. Defendants filed this Motion to Dismiss Plaintiff's Complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Defendants' Motion to Dismiss is denied.

**I. Background**

This is the second motion the Defendants have filed on substantially similar grounds in response to the Plaintiff's effort to foreclose on their mortgage. In the instant Motion, Defendants again argue that the materials supporting the Plaintiff's Complaint, even if assumed to be valid, do not establish Plaintiff's standing to pursue its foreclosure action.

On March 23, 2012, this Court concluded that the Plaintiff met its burden to plead that it owned the Defendants' mortgage upon filing its initial foreclosure Complaint. However, because the Plaintiff failed to establish that it owned the Note that accompanied the mortgage attached to its Complaint, this Court granted the Defendants' initial 12(b)(1) motion. In so doing, this Court provided the Plaintiff an opportunity to file an amended Complaint to demonstrate that the Plaintiff is legally entitled to enforce the Note.

On March 28, 2012, the Plaintiff filed an Amended Complaint. The only modification to the initial Complaint is the attachment of a new copy of the Note in question. The copy of the Note attached to the Amended Complaint includes an Allonge dated February 15, 2012, representing the negotiation of the Note from the original lender, First NLC Financial Services, LLC, to the Plaintiff.

**II. The Standard of Review**

**STATEMENT**

"Standing is an essential component of Article III's case-or-controversy requirement." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). Where a plaintiff fails to assert standing, "relief from [the] court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) (internal citation omitted). Thus, in response to a 12(b)(1) motion, the burden falls on the Plaintiff to assert standing to accommodate the Court's subject matter jurisdiction. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (internal citation omitted).

In assessing a facial standing challenge at the pleadings stage, the Court looks no further than the allegations in the complaint and accepts all such allegations as true. *See Apex Digital, Inc.*, 572 F.3d at 443-445. The Court may consider exhibits attached to the Complaint when evaluating the Motion by taking judicial notice of them without converting the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. Pro. 10(c). However, where the defendant raises a question of fact regarding the plaintiff's assertion of standing, the plaintiff must establish jurisdiction by a preponderance of the evidence or "proof to a reasonable probability." *NFIC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995) (citing *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir.1993)).

Here, the Defendants challenge both the legal grounds on which the Plaintiff asserts standing, as well as the factual basis of the Plaintiff's Complaint. First, taking the Plaintiff's evidence as true, the Defendants argue that the Plaintiff was not the legal holder of the Note when it filed its Complaint and therefore lacked standing to bring its foreclosure action. Second, the Defendants argue that the Plaintiff's proffered evidence does not demonstrate that it received the Note from the original lender prior to filing its Complaint, similarly undermining its standing to foreclose on the Defendants' mortgage.

**III. Discussion**

Under Illinois law, a plaintiff's foreclosure complaint must *inter alia* state the "[c]apacity in which plaintiff brings [the] foreclosure," 735 ILCS 5/15-1504(a)(3)(N), and attach a copy of the mortgage and the note secured thereby, 735 ILCS 5/15-1504(a)(2). In keeping with these statutory requirements, the Plaintiff pled in its Complaint that it "is the legal holder of the indebtedness and the owner of the mortgage given as security . . . therefore," and attached a copy of the Defendants' mortgage and the promissory note acknowledging the Defendant's indebtedness.

To qualify as a "holder," a party must receive the note through "negotiation" from the original issuer. *See* 810 ILCS 5/3-201(a). Where, as here, a note is payable to a specific individual or entity, negotiation requires both the transfer of possession and the endorsement of the named entity. *See* 810 ILCS 5/3-201(b). In its amended Complaint, the Plaintiff has provided clear evidence that—as of February 15, 2012—it is the holder of the Note accompanying the Defendants' mortgage. However, because the Note was not endorsed prior to November 2011, the Plaintiff was not the legal holder of the Note when it filed its Complaint.

Although the Plaintiff was unable enforce the Note as a holder upon filing its Complaint, Illinois law also allows "a nonholder in possession of the instrument who has the rights of a holder" to enforce a negotiable instrument. 810 ILCS 5/3-301(ii); see *Cogswell v. CitiFinancial Mortg. Co., Inc.*, 624 F.3d 395, 404 (7th Cir. 2010) (citing *Locks v. N. Towne Nat'l Bank of Rockford*, 451 N.E.2d 19 (Ill. App. Ct. 1983)). Thus, the Plaintiff may enforce the Note as a nonholder if "under applicable law [it] is a successor to the holder or otherwise [acquired] the holder's rights." 810 ILCS 5/3-301 cmt.; *see, e.g., Fed. Deposit Ins. Corp. v. Linn*, 671 F. Supp. 547 (N.D. Ill. 1987).

The Plaintiff's effort to enforce the Note as a nonholder rests on its contention that it acquired the

**STATEMENT**

original holder's rights through a transfer predating its initial Complaint. Where, as here, a putative "transferee is not a holder because the transferor did not indorse[,] . . . the transferee must account for possession of the unendorsed instrument by proving the transaction through which the transferee acquired it." 810 ILCS 5/3-203 cmt. 2. To do so, the Plaintiff has produced a Pooling and Servicing Agreement, dated November 1, 2006, purporting to transfer the Defendants' mortgage to the Plaintiff to allow for its securitization and commoditization. Through these transactions, First NCL Financial Services, LLC transferred to Plaintiff its rights as the original payee. Thus, Plaintiff had the right as of November 1, 2006 to enforce the Note.

A district court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (internal citations omitted). With this in mind, taking the Plaintiff's Complaint and accompanying material as true, the Plaintiff has demonstrated that it held the right to enforce the terms of the Defendant's mortgage upon filing the instant action. "Proof of a transfer to the transferee by a holder is proof that the transferee has acquired the rights of a holder." 810 ILCS 5/3-203 cmt. 2. Further, the Plaintiff's possession of the Note and documentation of its receipt of mortgages from the Defendants' original lender support the presumption that the Plaintiff held the legal right to foreclose on the Defendants' mortgage upon filing its Complaint. *See Williams v. Frederick's Estate*, 7 N.E.2d 384, 386 (Ill. App. Ct.1937) ("[A] note may be assigned by a separate instrument without indorsement so as to vest the legal title in the assignee, provided, the note is also transferred by delivery to the assignee.")

Because the Plaintiff has adduced evidence demonstrating that it owned the Defendants' mortgage and the right to enforce the Note at the time that it filed its initial foreclosure Complaint, the Plaintiff has complied with the terms of 735 ILCS 5/15-1504 and therefore has standing to bring its foreclosure action against the Defendants. For this reason, the Defendants' motion to dismiss is denied.